IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NORTH HAVEN LODGING PARTNERS LLC, a South Dakota limited liability company, and WALLINGFORD LODGING PARTNERS LLC, a South Dakota limited liability company, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 1:23-cv-16264 |
| vs. | ) ) | Honorable John F. Kness |
| MCMANN COMMERCIAL LENDING LLC n/k/a MCMANN PROFESSIONAL SERVICES LLC and/or MCMANN CAPITAL, an Illinois limited liability company, and GENIE INVESTMENTS NV, a Nevada corporation, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**DEFENDANT MCMANN'S STATEMENT IN RESPONSE TO PLAINTIFFS'
STATEMENT REGARDING BRIEFING SCHEDULE REGARDING
MOTION FOR TEMPORARY RESTRAINING ORDER AND
INJUNCTIVE RELIEF AND HEARING ON PRELIMINARY INJUNCTION**

1. Plaintiffs are correct that their Motion for Temporary Restraining Order, Injunctive Relief and Hearing on Preliminary Injunction (the "Motion") is opposed by McMann and that McMann is unable to file its response to the Motion in Plaintiffs' requested timeframe.

2. The briefing schedule should be extended beyond five days after filing, particularly because: (a) the Motion is not an emergency; and (b) the Motion is without merit, including, *inter alia*:

   i. an adequate remedy at law exists (Plaintiffs are essentially seeking a legal remedy – a cash refund);

  ii. the vast majority of the Complaint, including all equitable claims, fails to even state a claim upon which relief can be granted, let alone demonstrate a likelihood of success;

  iii. the Motion seeks an impermissible prejudgment attachment, essentially the restraining of defendants' control over property in its possession to satisfy a claim not yet reduced to judgment; and

  iv. no such process exists in Illinois.

3. The narrow exception relied upon by Plaintiffs purportedly allowing a prejudgment attachment via equitable relief is wholly inapplicable in this case, and granting the Motion would be nothing more than taking away defendant's property in anticipation of a judgment.

4. Most importantly, *Plaintiffs admit that McMann never had possession of the funds the plaintiff is seeking to freeze*, as the funds Plaintiffs seek to be refunded were admittedly wired directly to an account of Defendant Genie Investments. [Dkt. No. 1, Complaint, ¶¶22-23.]

5. Additionally, *there is no emergency compelling the immediate briefing of the Motion*, as Defendant waited approximately two months after Genie's failure to provide the refund in question as promised on October 13, 2023. [*Id.* ¶¶63-64.]

6. Accordingly, due to the complex legal issues raised by Plaintiffs' Motion, the inapplicable nature of the *narrow* exception to the Illinois preclusion of prejudgment attachments in anticipation of a judgment on which Plaintiff relies, the lack of any emergency, and Defendant McMann's counsels' schedule (which includes yet another emergency motion up December 20, 2023 in Cook County, an in-person judicial settlement conference on December 21, 2023 in Kendall County, responsibility for over thirty other matters, and the holiday season), Plaintiff requests sixteen (16) days, until January 5, 2024, to file its response in opposition to the Motion.

| | |
|---|---|
| Dated: December 19, 2023 | Respectfully submitted, |
| Daniel S. Klapman<br>Robert S. Strauss<br>SWK Attorneys<br>500 Skokie Blvd, Suite 600<br>Northbrook, Illinois 60062<br>224-260-3090<br>224-260-3089 (facsimile)<br>dklapman@swkattorneys.com<br>rstrauss@swkattorneys.com | MCMANN COMMERCIAL LENDING LLC<br>n/k/a MCMANN PROFESSIONAL<br>SERVICES LLC,<br><br>By: /s/ Daniel S. Klapman<br>      One of its Attorneys |