

Neutral
As of: January 26, 2024 7:07 PM Z

# Peterson v. McLean (In re Mack Indus.)

United States Bankruptcy Court for the Northern District of Illinois, Eastern Division

November 20, 2019, Decided

Chapter 7, No. 17 B 09308, No. 19 A 00433

**Reporter**
2019 Bankr. LEXIS 3603 *

In re: Mack Industries, Ltd, Debtor. Ronald Peterson, as Trustee, Plaintiff, vs. Jan McLean, Gordon McLean, Gorjan 2, LLC, Defendants.

## Core Terms

transfers, alleges, fraudulent transfer, Counts, insolvent, defraud, antecedent debt, constructive fraud, particularity, time of transfer, actual intent, actual fraud, related entities, preferential, conclusory, fraudulent, hinder, incur

## Case Summary

### Overview

HOLDINGS: [1]-Trustee's preferential transfer claim under 11 U.S.C.S. § 547(b) was dismissed because the claim failed to satisfy either prong of the test under Fed. R. Civ. P. 8(a). It did not give the defendants fair notice of the claim and it did not meet the plausibility test requiring sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face; [2]-Trustee's constructive fraud claims under 11 U.S.C.S. § 548(a)(1)(B) were also deficient because the trustee failed to allege the date of each transfer, the amount of each transfer, the name of the transferor, or how the funds were transferred - so no who, what, when, where, or how; [3]-The claims based on actual fraud failed to meet the pleading standards in Fed. R. Civ. P. 8(a) and 9(b) for similar reasons, but the Trustee was permitted an opportunity to amend the complaint.

### Outcome

Complaint dismissed with leave to amend.

## LexisNexis® Headnotes

Civil Procedure > ... > Pleadings > Complaints > Requirements for Complaint

### HN1[ ] Complaints, Requirements for Complaint

Fed. R. Civ. P. 8(a) requires a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a); Fed. R. Bankr. P. 8. A complaint must clear two easy-to-clear hurdles to satisfy Rule 8(a). First, the complaint must contain enough information to give the defendant "fair notice" of the claim. The complaint need not make detailed factual allegations but there must be at least some facts supporting each element of the claim. Second, the complaint must plausibly suggest that the plaintiff has a right to relief, raising that right above the speculative level. Satisfying this standard requires more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers

a formulaic recitation of the elements of a cause of action will not do. Put another way, threadbare recitals of elements of cause of action, supported by mere conclusory statements, do not suffice. Plaintiffs may not merely parrot the statutory language of the claims they are pleading rather than providing some specific facts to ground those legal claims.

Civil Procedure > ... > Pleadings > Heightened Pleading Requirements > Fraud Claims

**HN2**[⬇] **Heightened Pleading Requirements, Fraud Claims**

When alleging fraud, *Fed. R. Civ. P. 9(b)* requires a plaintiff to state with particularity the circumstances constituting fraud. *Fed. R. Civ. P. 9(b)*; *Fed. R. Bankr. P. 7009*. Particularity means the who, what, when, where and how: the first paragraph of any newspaper story. The particularity standard is somewhat relaxed for a bankruptcy trustee because he may lack information that the debtor would have. Nevertheless, the trustee must still comply with the "who, what, when, where and how test" of particularity.

Bankruptcy Law > ... > Prepetition Transfers > Preferential Transfers > Elements

**HN3**[⬇] **Preferential Transfers, Elements**

To state a claim to avoid a preferential transfer, the trustee must allege that there was a transfer of an interest of the debtor in property that (1) was made to or for the benefit of a creditor, (2) was for or on account of an antecedent debt, (3) was made while the debtor was insolvent, (4) was made on or within 90 days before the date of the filing of the petition, and (5) allowed the creditor to receive more than it otherwise would have in this case. *11 U.S.C.S. § 547(b)*.

Bankruptcy Law > ... > Prepetition Transfers > Preferential Transfers > Elements

Bankruptcy Law > ... > Prepetition Transfers > Preferential Transfers > Evidence & Procedural Matters

**HN4**[⬇] **Preferential Transfers, Elements**

A preference complaint must allege more than just the statutory elements of a preference claim. *Fed. R. Civ. P. 8(a)(2)* requires, at a minimum, that the complaint identify the transferor of an allegedly preferential transfer, provide detail regarding the date and amount of the alleged transfers, and identify a specific antecedent debt owed by the debtor to the defendant at the time of the transfer. When describing the antecedent debt, the complaint should provide at least some factual information about any agreements between the parties and the goods or services exchanged.

Bankruptcy Law > Estate Property > Avoidance > Fraudulent Transfers

Civil Procedure > ... > Pleadings > Heightened Pleading Requirements > Fraud Claims

**HN5**[⬇] **Avoidance, Fraudulent Transfers**

*Fed. R. Civ. P. 9(b)* applies to all fraudulent transfer claims. The claim must allege the "who, what, when, where, and how" of the fraud for each claim.

Bankruptcy Law > ... > Avoidance > Fraudulent Transfers > Constructively Fraudulent Transfers

Bankruptcy Law > ... > Avoidance > Fraudulent Transfers > Elements

*HN6*[⬇]  **Fraudulent Transfers, Constructively Fraudulent Transfers**

A plaintiff seeking to avoid a fraudulent transfer based on constructive fraud under *11 U.S.C.S. § 548(a)(1)(B)* must plead and prove the following: (1) a transfer of the debtor's property or interest; (2) made within two years before the date the bankruptcy petition was filed; (3) for which the debtor received less than a reasonably equivalent value in return; and (4) that the debtor (a) was insolvent on the date of the transfer or became insolvent as a result, (b) engaged in business or a transaction as a result of which the debtor's remaining capital was unreasonably small, or (c) intended to incur, or should have known he would incur, debts he would be unable to pay. Under the Illinois Uniform Fraudulent Transfer Act (IUFTA), the elements are the same but the statute of limitations is four years. *740 ILCS 160/5*, *160/10*.

Bankruptcy Law > ... > Avoidance > Fraudulent Transfers > Elements

*HN7*[⬇]  **Fraudulent Transfers, Elements**

A trustee asserting a fraudulent transfer claim must allege what (or how much) was transferred, when the transfer was made, how it was made, who made it, who received it, and under what circumstances.

Bankruptcy Law > ... > Avoidance > Fraudulent Transfers > Elements

*HN8*[⬇]  **Fraudulent Transfers, Elements**

A plaintiff alleging insolvency in a fraudulent transfer claim must plead facts from which an inference of insolvency can be drawn.

Bankruptcy Law > ... > Avoidance > Fraudulent Transfers > Intent

*HN9*[⬇]  **Fraudulent Transfers, Intent**

To prevail on a fraudulent transfer claim based on actual fraud, a party must prove that an interest of the debtor in property was transferred by the debtor within two years of the petition date with actual intent to hinder, delay, or defraud a creditor. *11 U.S.C.S. § 548(a)(1)(A)*. Actual intent can be proved by circumstantial evidence, often referred to as badges of fraud. A single badge of fraud is insufficient to establish intent but the presence of several may create a presumption that the debtor acted with the requisite intent to defraud. Under the Illinois Uniform Fraudulent Transfer Act (IUFTA), the elements are the same but the statute of limitations is four years. *740 ILCS 160/5*, *160/10*.

Bankruptcy Law > ... > Avoidance > Fraudulent Transfers > Elements

Civil Procedure > ... > Pleadings > Heightened Pleading Requirements > Fraud Claims

*HN10*[⬇]  **Fraudulent Transfers, Elements**

To plead a fraudulent transfer claim based on actual fraud with particularity, a party must

specifically identify the transfers, including the property conveyed, the date of the transfers, and any consideration paid for the transfer, and plead facts that show actual intent to defraud. *11 U.S.C.S. § 548(a)(1)(A)*; *740 ILCS 160/5*. General or conclusory statements about a fraudulent scheme are insufficient. The plaintiff must plead the requisite intent with respect to each transfer and must connect the allegations against the defendants to the debtors' scheme to defraud creditors.

Civil Procedure > ... > Pleadings > Amendment of Pleadings > Leave of Court

*HN11*[ ] **Amendment of Pleadings, Leave of Court**

In the Seventh Circuit, it is an abuse of discretion to deny a request to amend an original complaint without a good reason, such as futility, to do so.

**Counsel: [*1]** For Ronald R. Peterson, as Chapter 7 Trustee for Mack Industries, Ltd., Ronald R. Peterson, as chapter 7 trustee for Oak Park Avenue Realty, Ltd., Plaintiffs (19-00433): Ariane Holtschlag, LEAD ATTORNEY, Law Office of William J. Factor, Ltd., Chicago, IL; Jeffrey K. Paulsen, The Law Office of William J. Factor, Ltd, Chicago, IL.

For Jan McLean, Gordon McLean, Gorjan 2, LLC, Defendants (19-00433): Sean Dore, Duffin Dore, LLC, Orland Park, IL.

For Mack Industries, LTD, Debtor 1 (17-09308): David P Lloyd, David P. Lloyd, Ltd., LaGrange, IL; Eric G Zelazny, Law Offices of Eric G. Zelazny, Tinley Park, IL.

For Ronald R Peterson, Trustee (17-09308): Angela M Allen, Ronald Peterson, Jenner & Block, Chicago, IL; David R Doyle, Robert M Fishman, Brian L Shaw, Fox Rothschild LLP, Chicago, IL; Frances Gecker, Jeremy C Kleinman, Micah R Krohn, FrankGecker LLP, Chicago, IL; Ariane Holtschlag, Law Office of William J. Factor, Ltd., Chicago, IL; Jeffrey K. Paulsen, The Law Office of William J. Factor, Ltd, Chicago, IL; Ronald R Peterson, Landon S Raiford, William A. Williams, Jenner & Block LLP, Chicago, IL.

For Patrick S Layng, U.S. Trustee (17-09308): Stephen G Wolfe, Office of UST, Chicago, IL.

**Judges:** Carol **[*2]** A. Doyle, United States Bankruptcy Judge.

**Opinion by:** Carol A. Doyle

## Opinion

**MEMORANDUM OPINION**

Ronald Peterson is the chapter 7 trustee in seven related bankruptcy cases that are jointly administered under the lead case of Mack Industries, Ltd. Peterson filed over 400 similar adversary proceedings seeking to: (1) avoid preferential transfers under *11 U.S.C. § 547*, (2) avoid fraudulent transfers under *11 U.S.C. §§ 544* and *548* and the *Illinois Uniform Fraudulent Transfer Act ("IUFTA")*, and (3) disallow claims under *§ 502*. Jan McLean, Gordon McLean, and Gorjan 2, LLC (collectively "the McLeans"), the defendants in this adversary proceeding, have moved to dismiss the complaint on the basis that it does not satisfy the pleading requirements of *Rules 8(a)* and *9(b) of the Federal Rules of Civil Procedure*. The McCleans are correct. The complaint will be dismissed with leave to amend.

I. Complaint

The trustee filed the complaint as trustee for two entities: Mack Industries, Ltd. ("Mack") and Oak Park Avenue Realty, Ltd. ("Oak Park"), whom he refers to collectively as the

"Debtors." In a section entitled "Facts Common to All Counts," the trustee alleges that, within 90 days before the bankruptcy petitions were filed, the Debtors made transfers to the McLeans totaling $22,233.77. Compl. ¶ 19. The details are specified **[*3]** in Exhibit 1 to the complaint, which lists only three dates and three payment amounts.

The complaint then alleges six counts. Count I states that the payments described in Paragraph 19 were preferential for purposes of 11 U.S.C. § 547. Counts II through V allege fraudulent transfer claims. Counts II and III seek avoidance of fraudulent transfers based on constructive fraud. Count II is brought under 740 ILCS 160/5 and 11 U.S.C. § 544(b). Count III is brought under 11 U.S.C. § 548(a)(1)(B). Counts IV and V seek avoidance of fraudulent transfers based on actual fraud. Count IV is brought under 740 ILCS 160/5 and 11 U.S.C. § 544(b). Count V is brought under 11 U.S.C. § 548(a)(1)(A). Count VI seeks disallowance of any claim filed by the McLeans in the Debtors' bankruptcy cases until they pay the trustee the amounts owed under Counts I through V.

All four fraudulent transfer claims are based on the allegation that the two Debtors paid the McLeans for obligations owed by related entities, the Debtors' owners, or the family of the Debtors' owners, not the Debtors. Compl. ¶¶ 36-37. For the claims based on constructive fraud, the trustee alleges that the Debtors did not receive reasonably equivalent value. Compl. ¶ 39. For the claims based on actual fraud, the trustee alleges that the "Debtors made the Transfers to McLean **[*4]** with actual intent to hinder, delay, or defraud its creditors." Compl. ¶ 56. The trustee alleges as "an example" of intent to defraud that in June 2014, a vice president of sales and marketing for Mack threatened American Residential, a contracting partner of Mack, that if it did not restructure its contract with Mack, the Debtors and their related entities would dissipate assets and otherwise delay, hinder or defraud American Residential of its rights as a creditor. Compl. ¶ 57.

The only allegation describing the transfers the trustee seeks to avoid as fraudulent states: "According to the Debtors' books and records, the Debtors made Transfers of at least $125,871.64 to McLean between 2013 and 2017." Compl. ¶ 38.

II. Motions to dismiss

The McLeans moved to dismiss under Rules 12(b), 8(a), and 9(b) of the Federal Rules of Civil Procedure. They contend that the trustee filed a bare-bones complaint that does not meet the pleading standards in Rules 8(a) and 9(b). The McLeans are correct.

HN1[↑] Rule 8(a) of the Federal Rules of Civil Procedure requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); Fed. R. Bankr. P. 8. A complaint must clear "two easy-to-clear hurdles" to satisfy Rule 8(a). E.E.O.C. v. Concentra Health Servs., 496 F.3d 773, 776 (7th Cir. 2007). First, the complaint must contain enough information to give the defendant "fair notice" of the claim. See **[*5]** Reger Dev't. LLC v. National City Bank, 592 F.3d 759, 764 (7th Cir. 2019). The complaint need not make detailed factual allegations but there must be at least some facts supporting each element of the claim. Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949-50, 173 L. Ed. 2d 868 (2009). Second, the complaint must plausibly suggest that the plaintiff has a right to relief, raising that right above the speculative level. Concentra, 496 F.3d at 776. Satisfying this standard requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation . . . . A pleading that offers . . . a formulaic recitation of the elements of a cause of action will not do." Id. Put another way,

"[t]hreadbare recitals of elements of cause of action, supported by mere conclusory statements, do not suffice." *Id.* Plaintiffs may not "merely parrot the statutory language of the claims they are pleading . . . rather than providing some specific facts to ground those legal claims . . . ." *Brooks v. Ross, 578 F.3d 574, 581 (7th Cir. 2009)*.

**HN2**[↑] When alleging fraud, however, *Rule 9(b)* requires more. A plaintiff must "state with particularity the circumstances constituting fraud . . . ." *Fed. R. Civ. P. 9(b)*; *Fed. R. Bankr. P. 7009*. Particularity means "the who, what, when, where and how: the first paragraph of any newspaper story." *Katz v. Household Int'l, Inc., 91 F.3d 1036, 1040 (7th Cir. 1996)*. The particularity standard is "somewhat relaxed" for a bankruptcy trustee because he may lack information that the debtor would have. *See, e.g., In re Grube, 500 B.R. 764, 776 (Bankr. C.D. Ill. 2013)*; *Marwil v. Oncale (In re Life Fund 5.1 LLC), No. 10-42, 2010 Bankr. LEXIS 1938, 2010 WL 2650024 (Bankr. N.D. Ill. June 30, 2010)*. **[*6]** Nevertheless, the trustee must still comply with the "who, what, when, where and how test" of particularity. *See Life Fund 5.1, 2010 Bankr. LEXIS 1938, 2010 WL 2650024* (fraudulent transfer claims filed by a trustee were dismissed for failure to plead the precise amount of the transfer, the date of the transfer, and the debtor from whose account the money was transferred).

III. Preferential Transfers - Count I

In Count I, the trustee seeks to avoid and recover three payments made to the McLeans during the 90-day preference period. The McLeans argue that the trustee has not pled sufficient facts to meet the requirements of *Rule 8(a)*.[1] They are correct.

**HN3**[↑] To state a claim to avoid a preferential transfer, the trustee must allege that there was a transfer of an interest of the debtor in property that (1) was made to or for the benefit of a creditor, (2) was for or on account of an antecedent debt, (3) was made while the debtor was insolvent, (4) was made on or within 90 days before the date of the filing of the petition, and (5) allowed the creditor to receive more than it otherwise would have in this case. *11 U.S.C. § 547(b)*; *Warsco v. Preferred Tech. Group, 258 F.3d 557, 564 (7th Cir.2001)*; *In re Lewinski, 410 B.R. 828, 831-32 (Bankr. N.D. Ind. 2008)*.

**HN4**[↑] A preference complaint must allege more than just the statutory elements of a preference claim. **[*7]** *In re Tweeter Opco, 452 B.R. 150, 151 (Bankr. D. Del. 2011)*; *In re Hydrogen, L.L.C., 431 B.R. 337, 355 (Bankr. S.D.N.Y. 2010)*. *Rule 8(a)(2)* requires, at a minimum, that the complaint identify the transferor of an allegedly preferential transfer, provide detail regarding the date and amount of the alleged transfers, and identify a specific antecedent debt owed by the debtor to the defendant at the time of the transfer. *See, e.g., Tweeter Opco, 452 B.R. at 154-55* (holding that the complaint must identify the transferor); *Angell v. BER Care, Inc. (In re Caremerica, Inc.), 409 B.R. 737, 751 (Bankr. E.D.N.C. 2009)* (failure to identify which entity initiated each transfer and to allege facts regarding the antecedent debt were fatal to preference claim). When describing the antecedent debt, the complaint should provide at least some factual information about any agreements between the parties and the goods or services exchanged. *In re Quantum Foods, LLC, 558 B.R. 111, 115 (Bankr. D. Del. 2016)*.

---

[1] The McLeans also argue that the trustee fails to state a claim in all counts of the complaint because the funds they received were held in trust for them. They therefore contend that the funds were never property of the Debtors. This defense is based on facts not alleged in the complaint. It is not a proper basis for dismissal of the complaint. *See United States Gypsum Co. v. Indiana Gas Co., Inc., 350 F.3d 623, 626 (7th Cir. 2003)*; *Swiss Reinsurance America Corp. v. Access General Agency, Inc., 571 F. Supp. 2d 882, 884 (N.D. Ill. 2008)*.

Here, Count I alleges little more than the statutory elements of a preference claim. Paragraph 24 states that the McLeans were creditors of one or both of the Debtors at the time of each transfer but it does not identify the specific debtor that owed a debt to the McLeans. The exhibit to the complaint provides the date and amount of three transfers but neither the complaint nor the exhibit states which Debtor made any of the three transfers. The trustee alleges only that "[e]ach Transfer was made from one or more of **[*8]** the Debtor Accounts." Compl. ¶ 23. The trustee also fails to identify the antecedent debt for which the payments were allegedly made or give any information about the debtor-creditor relationship between the McLeans and either Debtor. The complaint states only that "[e]ach transfer was made for, on account of, an antecedent debt or debts owed by one or both of the Debtors to McLean before such transfer was made," and that "each Transfer either reduced or fully satisfied a debt or debts then owed by one or both of the Debtors to McLean." Compl. ¶ 25-26.

Thus, Count I is almost completely devoid of factual allegations. It does not identify the entity that owed the McLeans money, the entity that paid the McLeans, or anything at all about the antecedent debt. The claim fails to satisfy either prong of the test under _Rule 8(a)_. It does not give the McLeans fair notice of the claim and it does not meet the plausibility test requiring "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." _Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949_.

The lack of factual details is particularly troubling here because the complaint alleges inconsistent claims. For the preference claim, the trustee must allege that **[*9]** one of the Debtors paid the McLeans for an antecedent debt owed by that Debtor. Yet the theory of the trustee's four fraudulent transfers claims, discussed below, is that the Debtors owed nothing to the McLeans. Based on this allegation, the trustee contends that the Debtors did not receive reasonably equivalent value for the transfers and that the transfers were made with actual intent to defraud. Thus, if the McLeans were creditors of the Debtors and the payments identified were made on account of an antecedent debt owed by the Debtors to the McLeans, the trustee's fraudulent transfer claims could fail. While the trustee may, of course, plead causes of action in the alternative, he must allege a sufficient factual basis to support each claim. He cannot merely parrot the elements of inconsistent claims without alleging the essential facts to support them and hope that at least one type of claim will "stick."

Count I will be dismissed.

IV. Fraudulent Transfer Claims - Counts II - V

The McLeans also contend that the fraudulent transfer claims in Counts II through V do not comply with _Rule 8(a)_ and _Rule 9(b)_. The trustee acknowledges that the heightened pleading standard in **HN5**[↑] _Rule 9(b)_ applies to all four fraudulent **[*10]** transfer claims. Trustee's Response 4. _See General Elec. Capital Corp. v. Lease Resolution Corp., 128 F.3d 1074, 1079 (7th Cir. 1997)_. He must, therefore, allege the "who, what, when, where, and how" of the fraud for each claim. He failed to do so.

A. Constructive Fraud Claims

In Counts II and III, the trustee alleged claims to avoid fraudulent transfers based on constructive fraud. **HN6**[↑] A plaintiff seeking to avoid a fraudulent transfer based on constructive fraud under _§ 548(a)(1)(B)_ must plead and prove the following: (1) a transfer of the debtor's property or interest; (2) made within two years before the date the bankruptcy petition was filed; (3) for which the

debtor received less than a reasonably equivalent value in return; and (4) that the debtor (a) was insolvent on the date of the transfer or became insolvent as a result, (b) engaged in business or a transaction as a result of which the debtor's remaining capital was unreasonably small, or (c) intended to incur, or should have known he would incur, debts he would be unable to pay. *In re Kimball Hill, Inc., 2012 Bankr. LEXIS 5439 2012 WL 5880657, at \*5 (Bankr. N.D. Ill. Nov. 19, 2012)*; *In re Grube, 2012 Bankr. LEXIS 3666, 2012 WL 3263905 (Bankr. C.D. Ill. Aug. 9, 2012)*; *In re Randy, 189 B.R. 425, 440 (Bankr. N.D. Ill. 1995)*. Under the IUFTA, the elements are the same but the statute of limitations is four years. *740 ILCS 160/5*, *160/10*; *Zimmerman v. Paulsen, 524 F. Supp. 2d 1077 (N.D. Ill. 2007)*.

The trustee's constructive fraud claims are deficient for a number of reasons. First, the trustee fails to provide any specific information about the transfers. **[\*11]** He states only that "the Debtors" transferred funds in the amount of "at least $125,871.65 to McLean between 2013 and 2017" for liabilities "incurred by a related entity, the Debtors' owners, or the family of the Debtors' owners." Compl. ¶¶ 36, 38. The complaint contains no other information about the transfers. Thus, the trustee failed to allege the date of each transfer, the amount of each transfer, the name of the transferor, or how the funds were transferred - so no who, what, when, where, or how. These failures alone warrant dismissal of the claims. *See, e.g., Gierum v. Glick (In re Glick), 568 B.R. 634, 670* (HN7[↑]) a trustee asserting a fraudulent transfer claim must allege "what (or how much) was transferred, when the transfer was made, how it was made, who made it, who received it, and under what circumstances."); *Oncale, 2010 Bankr. LEXIS 1938, 2010 WL 2650024, \*4* (trustee's fraudulent transfer claim dismissed for failure to identify specific transfers from specific transferors to specific transferees on specific dates).

The trustee argues that he need not provide details about particular transfers because a "relaxed" pleading standard is applied for "conduct spanning a significant period of time or involv[ing] numerous occurrences," relying on *Desmond v. Taxi Affiliation Servs. LLC, 344 F. Supp. 3d 915, 926 n. 3*. In *Yellow Cab*, the court excused **[\*12]** a trustee from detailing each transfer in a series of transfers that totaled $5 million per year for a period of over 10 years between affiliated companies whose business operations were closely entwined. The court determined that the trustee had described the property involved, the time frame and the "how,' and he alleged multiple specific badges of fraud. *Id.* In the context of the long and detailed complaint, the court concluded that the trustee provided sufficient information to satisfy the particularity requirement. Here, there are no such allegations that could excuse the lack of specificity regarding the transfers. The complaint contains little or no specific information on any issue. There is no basis for determining that the case involves numerous transactions to the McLeans over a long period of time or for concluding that there are sufficient other allegations to satisfy the particularity requirement.

The trustee also fails to properly allege other elements of his claims based on constructive fraud. The trustee merely tracks the statute by alleging that, at the time of the transfers, the Debtors "were engaged in or about to engage in a business or transaction for which its **[\*13]** remaining assets were unreasonably small." Compl. ¶ 40. The only factual allegation that could potentially support this element of the claim is referred to as an "example." The trustee states:

> 41. For example, Mack Ltd. entered into a significant business relationship with American Residential Leasing Company

Case: 1:23-cv-16264 Document #: 29-1 Filed: 01/26/24 Page 9 of 11 PageID #:695

Page 9 of 11
2019 Bankr. LEXIS 3603, *13

LLC ("American Residential") in December 2012. This became one of Mack Ltd.'s largest business partnerships, under which Mack Ltd. was obligated to manage about 500 single family-residential units owned by American Residential. Oak Park took an active role in the management of the American Residential units and incurred debt as a result. Mack Ltd. and Oak Park lost large sums of money on this deal and were eventually forced to ask for a reworking of the deal to reduce the payments owed to American Residential.

Compl. ¶ 41. These allegations about one contract entered into by one Debtor - Mack - on which it lost "large sums of money" are general and conclusory. The statement that Mack's contract somehow caused Oak Park to incur debt and lose money is even more vague. These allegations are insufficient to plead that the remaining assets of each of the Debtors was unreasonably small **[*14]** after each unidentified transfer made over a 4-year period.

The trustee also alleges that, at the time of the transfers, the Debtors "intended to incur, or believed or reasonably should have believed that they would incur, debts beyond their ability to pay as they became due." Compl. ¶ 42. Again, the trustee fails to allege any specific facts about either Debtor to support this general allegation, which merely tracks a statutory element. He states only that:

> For example, the venture with American Residential was losing money at the time of the Transfers, and American Residential was becoming a substantial unpaid creditor. In 2014, the property taxes on American Residential properties were no longer being paid, and by September 2014, the American Residential contract was in default.

Compl. ¶ 42. This paragraph contains some specific facts but they address only one contract between one debtor and American Residential. They are too general and conclusory to support the allegation that Mack was unable to pay its debts as they became due over a period of 4 years. They provide no support whatever regarding Oak Park's ability to pay its debts as they became due.

The allegations regarding insolvency **[*15]** likewise do little more than track the statute. Paragraph 44 parrots the statute, stating that, "At the time of the Transfers, Mack Ltd. was insolvent or became insolvent as a result of them." Paragraph 45 then alleges that, "On information and belief, at all relevant times, the sum of each Debtors' liabilities exceeded the sum of the then-fair value of its assets." These allegations do not pass muster. First, there is no allegation that Oak Park was insolvent at the time of the transfers. Paragraph 44 only mentions Mack. Second, Paragraph 44 is made "on information and belief" and it does nothing more than recite the most simple, textbook definition of insolvency. The trustee fails to allege any facts relevant to a determination of insolvency for either Debtor. See _Oncale, 2010 Bankr. LEXIS 1938, 2010 WL 2650024, at * 6_ (**HN8**[↑] a plaintiff alleging insolvency in a fraudulent transfer claim must plead facts from which an inference of insolvency can be drawn.).

Counts II and III fall significantly short of the standards under _Rules 8(a)_ and _9(b)_ for pleading a fraudulent transfer claim based on constructive fraud. They will be dismissed.

B. Actual Fraud Claims

The claims based on actual fraud in Counts IV and V fail to meet the pleading standards in _Rule 8(a)_ and _9(b)_ for **[*16]** similar reasons.

**HN9**[↑] To prevail on a fraudulent transfer claim based on actual fraud, a party must prove that an interest of the debtor in property was transferred by the debtor within two years

of the petition date with actual intent to hinder, delay, or defraud a creditor. *In re Geltzer, 502 B.R. 760, 766 (Bankr. S.D.N.Y. 2013)*; *Brandt v. KLC Financial, Inc. (In re Equipment Acquisition Resources, Inc.), 481 B.R. 422, 427 (Bankr. N.D. Ill. 2012)*; *11 U.S.C. § 548(a)(1)(A)*. Actual intent can be proved by circumstantial evidence, often referred to as badges of fraud. *See, e.g., Equipment Acquisition Resources, 481 B.R. at 430-31*. A single badge of fraud is insufficient to establish intent but the presence of several may create a presumption that the debtor acted with the requisite intent to defraud. *Id.* Under the IUFTA, the elements are the same but the statute of limitations is four years. *740 ILCS 160/5*, *160/10*; *Equipment Acquisition Resources, 481 B.R. at 427, n.2*.

**HN10**[⬆] To plead a fraudulent transfer claim based on actual fraud with particularity, a party must specifically identify the transfers, including the property conveyed, the date of the transfers, and any consideration paid for the transfer, and plead facts that show actual intent to defraud. *In re Geltzer, 502 B.R. 760, 769 (Bankr. S.D.N.Y. 2013)*; *11 U.S.C. § 548(a)(1)(A)*; *740 ILCS 160/5*. General or conclusory statements about a fraudulent scheme are insufficient. *See, e.g., Equipment Acquisition Resources, 481 B.R. at 431-32*. The plaintiff must plead the requisite intent with respect to each transfer and must connect the allegations against the defendants to the debtors' scheme to defraud **[*17]** creditors. *Id.*

As discussed above, the complaint does not identify the who, what, when, where, or how of the transfers. This failure alone would warrant dismissal. But these claims also fail to allege a fraudulent scheme with particularity. Paragraph 56 of the complaint parrots the statute by alleging that the "Debtors made the Transfers to the McLeans with actual intent to hinder, delay or defraud its creditors." Compl. ¶ 56. Paragraph 57 then alleges the only facts regarding the fraudulent scheme as an "example." It states:

> 57. For example, during negotiations with American Residential in June 2014, Eric Workman, Mack Ltd's then-vice President of sales and marketing, threatened American Residential that unless it modified the terms of its agreement with Mack Ltd., the Debtors and their related entities would dissipate assets for less than a fair consideration or take other steps to delay, hinder, or defraud American Residential of its rights and remedies as a creditor. The negotiations with American Residential failed.

Compl. ¶ 57. These conclusory statements about a general threat made by one employee of one of the Debtors in 2014 to an unspecified person at American Residential is **[*18]** insufficient to allege a fraudulent scheme with particularity. It also fails to connect any such scheme to the transfers made to the McLeans on behalf of an unspecified related entity or person. Counts IV and V fall far short of pleading fraud with particularity.

Counts IV and V will be dismissed.

V. Count VI - Disallowance of Claim

Count VI seeks disallowance under *§ 502(d) of the Bankruptcy Code* of any claim filed by the McLeans until the McLeans pay the sums owed under Counts I through IV. Consistent with the lack of specific information elsewhere in the complaint, the trustee fails to state whether the McLeans filed a proof of claim in the Debtors' bankruptcy cases. Whether the McLeans filed a proof of claim or not, this count must be dismissed because it is based on the trustee prevailing on at least one claim in Counts I through V. Since those claims will be dismissed, this claim must also be dismissed.

VI. Leave to Amend

The trustee did not request leave to amend his complaint should the motion to dismiss be granted. HN11[↑] In this circuit, it is an abuse of discretion to deny a request to amend an original complaint without a good reason, such as futility, to do so. *Runnion v. Girl Scouts of Greater Chicago and Northwest Indiana, 786 F.3d 510, 521-522 (7th Cir. 2015)*. The complaint will be dismissed because the trustee **[*19]** failed to allege sufficient facts to support his legal theories. He is entitled to the opportunity to allege additional facts if he can.

VII. Conclusion

For the reasons stated above, the complaint will be dismissed. The trustee will be granted leave to file an amended complaint.

Dated: November 20, 2019

ENTERED:

/s/ Carol A. Doyle

Carol A. Doyle

United States Bankruptcy Judge

**End of Document**