IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NORTH HAVEN LODGING PARTNERS LLC, a South Dakota limited liability company, and WALLINGFORD LODGING PARTNERS LLC, a South Dakota limited liability company,<br><br>    Plaintiffs,<br><br> vs.<br><br>MCMANN COMMERCIAL LENDING LLC n/k/a MCMANN PROFESSIONAL SERVICES LLC and/or MCMANN CAPITAL, an Illinois limited liability company, and GENIE INVESTMENTS NV, a Nevada corporation,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. 1:23-cv-16264<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**JOINT INITIAL STATUS REPORT UNDER RULE 26(f)**

The parties have conferred as required by Rule 26(f), and jointly submit the following discovery plan. *See* Fed. R. Civ. P. 26(f)(2); Fed. R. Civ. P. 26(f)(3); Fed. R. Civ. P. 16(b). The parties understand that the Court will enter a scheduling order under Rule 16(b)(1), and that the Court will modify any such schedule "only for good cause." *See* Fed. R. Civ. P. 16(b)(4).

**I.**   **Nature of the Case**

  A. **Attorneys of Record**: The attorneys of record for Plaintiffs North Haven Lodging Partners LLC ("North Haven") and Wallingford Lodging Partners LLC ("Wallingford," North Haven and Wallingford are, collectively, "Plaintiffs") are William J. McKenna (lead trial attorney)

and Andrew T. McClain. The attorney of record for Defendant McMann Commercial Lending n/k/a McMann Professional Services LLC and/or McMann Capital ("McMann") is Daniel S. Klapman (lead trial attorney). The attorney of record for Defendant Genie Investments NV ("Genie") is Adam B. Walker (lead trial attorney).

B. **Basis for Federal Jurisdiction**: This Court has diversity subject matter jurisdiction over this lawsuit under 28 U.S.C. §§ 1332(a)(1) as this action is between citizens of different states and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

Of note is that the operative agreements contain a provision for arbitration on which Genie has relied in its motion to dismiss.

North Haven Lodging Partners LLC, is a South Dakota limited liability company with its principal place of business located at 2517 West Brentridge Circle, Sioux Falls, South Dakota. The members of North Haven are PB Corporation TN, a Georgia corporation; Hari Har Management, Inc. a South Dakota corporation, and Vihang Patel and Mansi Patel, each domiciled in Connecticut. Wallingford Lodging Partners LLC, is a South Dakota limited liability company with its principal place of business located at 2517 West Brentridge Circle, Sioux Falls, South Dakota. The sole member of Wallingford is Shailesh Patel, who is domiciled in South Dakota.

McMann Commercial Lending, LLC is an Illinois limited liability company ("McMann"). The sole member of McMann is Walter Trock, who is domiciled in Crete, Will County, Illinois .

Genie Investments NV, is a Nevada corporation ("Genie") with its principal place of business in Reno, Nevada.

C. **Case Overview**: At issue in this action are two $18,000,000 lines of credit promised by McMann to the Plaintiffs for the construction of hotels. As part of the lines of credit, Plaintiffs each prepaid $1,800,000 in interest, for a total of $3,600,000 (the "ICA Payments"). At the direction of McMann, Plaintiffs wired the prepaid interest directly to Genie to be held in trust and applied against each of the lines of credit according to the loan documents. Plaintiffs did not authorize any other use of the deposit funds and the loan documents limited the use of the money to payment of interest under the lines of credit. When McMann failed to fund the lines of credit, Plaintiffs terminated the lines of credit

2

and demanded the return of the prepaid interest. To date, neither Defendant has refunded the $3,600,000.

Defendants deny the basis of any of the asserted claims, which go well beyond breach of contract and are inapplicable to the facts at bar. Both Defendants have filed motions to dismiss, including Genie's motion based in part on improper venue, and which remain pending.

D. **Claims/Defenses Asserted**: Plaintiffs' Complaint alleges the following claims, all of which have been contested by Defendants' respective Motions to Dismiss:

- breach of contract against McMann (Count I);
- conversion against McMann (Count II);
- to avoid and recover actual fraudulent transfer against McMann (Count III);
- to avoid and recover constructive fraudulent transfer against McMann (Count IV);
- fraud and fraudulent misrepresentations against McMann (Count V);
- breach of fiduciary duty against McMann (Count VI);
- constructive trust against McMann (Count VII);
- breach of contract against Genie (Count VIII);
- conversion against Genie (Count IX);
- to avoid and recover actual fraudulent transfer against Genie (Count X);
- to avoid and recover constructive fraudulent transfer against Genie (Count XI);
- fraud and fraudulent misrepresentation against Genie (Count XII);
- breach of fiduciary duty against Genie (Count XIII);
- constructive trust against Genie (Count XIV);
- unjust enrichment against Genie (Count XV)

E. **Factual Issues**: McMann denies liability to Plaintiffs because, *inter alia*, the ICA Payments were sent to Genie's bank account, the breach of contract claim is premature, and McMann claims Genie assumed the obligation under the Agreement; and that Plaintiffs have failed to assert any claims upon which relief can be granted. Genie denies liability to Plaintiffs because it has no contractual relationship with or obligations to Plaintiffs and never took possession of Plaintiffs' property, including that the ICA Payments represented a payment from McMann to Genie

3

       pursuant to agreements Genie and McMann. Plaintiffs reject each of the Defendants' defenses.

   F. **Legal Issues**: Many legal issues are raised in the Defendants' respective motions to dismiss as well as Section D *supra*, as well as what obligations and duties Defendants had to Plaintiffs; whether a fraudulent transfer occurred, and whether some or all claims asserted are subject to mandatory arbitration.

   G. **Relief Sought**: Plaintiffs are seeking money damages in the amount of s $3,600,000; avoiding the transfers of the $3,600,000 by both Genie and McMann; an attachment or other provisional remedy as provided under Illinois' Uniformed Fraudulent Transfer Act; constructive trust; and injunctive relief as outlined in Plaintiffs December 15, 2023 Motion for Temporary Restraining Order and Injunctive Relief and Hearing on Preliminary Injunction (Dkt. No. 10) and Plaintiffs' support Reply Brief (Dkt. No. 27).

   H. **Service**: All defendants have been served.

## II. Case Scheduling and Discovery

   A. **Proposed discovery schedule**:

| Event | Deadline |
|---|---|
| Exchange of Initial Disclosures Under F.R.C.P. 26(a)(1) | March 8, 2024 |
| Motions to Amend the Pleadings | Filed twenty-one (21) days after a ruling on any F.R.C.P. Rule 12 motion filed by Defendants or March 28, 2024, whichever is later. |
| Service of process on any "John Does" | n/a |
| Completion of Fact Discovery | November 22, 2024 - |
| Disclosure of Plaintiff's Expert Report(s) | December 20, 2024 |
| Deposition of Plaintiff's Expert | February 5, 2025 |
| Disclosure of Defendant's Expert Report(s) | January 21, 2025 |
| Deposition of Defendant's Expert | March 7, 2025 |

4871-8825-8207

| Dispositive Motions | Filed by April 7, 2025 |
|---|---|

  B.  How many depositions do the parties expect to take?

    Up to ten per side, but the parties are expecting less depending on discovery.

  C.  Do the parties foresee any special issues during discovery?

    Plaintiffs request expedited discovery as to certain documents as requested in the Motion for Temporary Restraining Order and Injunctive Relief and Reply (Dkt. No. 10, 27). Plaintiffs request the Defendants be ordered to produce the following documents within seven days from the date of this order: (1) documents sufficient to show all current assets and liabilities of Defendants; (2) documents sufficient to show the receipt, use and tracing of Plaintiffs' ICA Payments; (3) all documents related to loans and contracts between McMann and Genie between January 1, 2023 and October 31, 2023; (4) all correspondence between McMann and Genie related to the white labeling of the loans to Plaintiffs; (5) all correspondence between McMann and Genie related to Plaintiffs; (6) documents sufficient to show the identity of Genie's "capital provider/debtor," the terms of the alleged debt, the initiation and venue for the alleged arbitration and the date of any scheduled arbitration hearing; and (7) documents sufficient to show the identity of all borrowers who have requested refunds from McMann and Genie since January 1, 2023 and the amount of the requested refunds. Documents shall be produced in native format, as searchable PDF files, or single-page .tiff images (with a load/unitization file).

    Defendants oppose any request for expedited discovery.

  D.  Rule 26(f)(2) requires the parties to propose a discovery plan. *See* Fed. R. Civ. P. 26(f)(2). Rule 26(f)(3), in turn, provides that a "discovery plan must state the parties' views and proposals" on six different topics. *See* Fed. R. Civ. P. 26(f)(3). Have the parties discussed a discovery plan, including all of the topics required by Rule 26(f)(3)? If so, do the parties propose anything?

    Yes, the parties discussed at the Rule 26(f) conference the general topics of discovery and the requirement that all documents be preserved and the discovery plan presented in this Joint Initial Status Report.

        The parties agree that initial disclosures under F.R.C.P. 26(a)(1) will be made by March 8, 2024, and that the discovery limits set forth in the Fed. Rules of Civ. Pro. apply and discovery should not be phased.

        Documents shall be produced in native format, as searchable PDF files, or single-page .tiff images (with a load/unitization file). If necessary, the Parties shall confer and submit a separate protocol related to the collection and production of electronically stored information (ESI) to the Court that includes an inadvertent disclosure and clawback provision and/or Fed. R. Evid 502(d) order. Further, if a confidentiality order is required, the Parties shall submit a proposed order based on the Court's Model Confidentiality Order in the Local Rules.

### III. Trial

    A.    Have any of the parties demanded a jury trial? Yes, Plaintiffs demanded a jury trial.

    B.    Estimate the length of trial. One week.

### V. Settlement, Referrals, and Consent

    A.    Have any settlement discussions taken place? If so, what is the status? Has the plaintiff made a written settlement demand? And if so, did the defendant respond in writing?

           Plaintiffs have demanded return of the ICA Payments from both Genie and McMann. McMann has not provided any settlement offer. Genie alleges it may be imminently receiving a payment from a debtor that could be used to enable the parties to resolve the present dispute. To date, Genie has not committed to a date certain of when these funds will be available and has advised the other parties that it does not presently have any further information about when it might be prepared to negotiate a settlement of this matter.

    B.    Do the parties request a settlement conference at this time before this Court or the Magistrate Judge?

           No.

    C.    Have counsel informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge for all purposes, including trial and entry of final judgment? Do all parties <u>unanimously</u>

consent to that procedure? The Court strongly encourages parties to consent to the jurisdiction of the Magistrate Judge.

Plaintiffs do not consent to assignment to the Magistrate Judge for all purposes.

## IV. Other

A. Is there anything else that the plaintiff(s) wants the Court to know?

If expert discovery is not necessary, the date for dispositive motions could be advanced. The parties will meet and confer as discovery continues.

B. Is there anything else that the defendant(s) wants the Court to know?

Defendants believe the above schedule and the dates in the Rule 16(b) Scheduling Order may need to be amended pending the Court's ruling on the Defendants' respective motions to dismiss and Plaintiffs' pending motion for temporary restraining order and preliminary injunction.

Respectfully Submitted,

| NORTH HAVEN LODGING PARTNERS LLC and WALLINGFORD LODGING PARTNERS LLC | MCMANN COMMERCIAL LENDING LLC n/k/a MCMANN PROFESSIONAL SERVICES LLC and/or MCMANN CAPITAL |
|---|---|
| By: /s/ *William J. McKenna* <br> One of Its Attorneys <br> William J. McKenna (IL Bar No. 3124753) <br> Andrew T. McClain (IL Bar No. 6313453) <br> Foley & Lardner LLP <br> 321 North Clark Street, Suite 3000 <br> Chicago, Illinois 60654 <br> Telephone: 312.832.4500 <br> Fax: 312.832.4700 <br> wmckenna@foley.com <br> amcclain@foley.com | By: /s/ Daniel Klapman <br> One of Its Attorneys <br> Daniel S. Klapman <br> Robert S. Strauss <br> SWK Attorneys LLC <br> 500 Skokie Blvd., Ste. 600 <br> Northbrook, Illinois 60062 <br> Telephone: (224) 260-3090 <br> dklapman@swkattorneys.com <br><br> GENIE INVESTMENTS NV <br><br> By: /s/ Adam Walker <br> One of Its Attorneys <br> Adam Walker |

7

4871-8825-8207

>Walker Law Office
>4050 Pennsylvania Ave., Ste. 115-10
>Kansas City, Missouri 64111
>Telephone: (816) 226-6476
>adam@awsecuritieslaw.com

4871-8825-8207