IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NORTH HAVEN LODGING PARTNERS LLC, a South Dakota limited liability company, and WALLINGFORD LODGING PARTNERS LLC, a South Dakota limited liability company,<br><br>        Plaintiffs,<br><br>vs.<br><br>MCMANN COMMERCIAL LENDING LLC n/k/a MCMANN PROFESSIONAL SERVICES LLC and/or MCMANN CAPITAL, an Illinois limited liability company, and GENIE INVESTMENTS NV, a Nevada corporation,<br><br>        Defendants. | Case No. 1:23-cv-16264 |

## JOINT STATUS REPORT

Plaintiffs North Haven Lodging Partners LLC and Wallingford Lodging Partners LLC and Defendants McMann Commercial Lending LLC and Genie Investments NV have conferred as required by the Court's February 15, 2024 Minute Order, and jointly submit the following Status Report.

**I.** **Expedited Discovery Related to Plaintiffs Potential Motion for Preliminary Injunction:**

    The parties agree to produce documents in native format where available, as searchable PDF files, or single-page .tiff images.

The parties have discussed requesting this Court to enter a Protective Order and expect to submit an Agreed Protective Order to the Court for review on or before February 28, 2024

A. Plaintiffs Position Regarding Expedited Document Production:

Plaintiffs plan to serve Requests for Production of Documents on Defendants on February 21, 2024, generally seeking documents related to the following categories in support of discovery for a potential motion for preliminary injunction. Plaintiffs believe that each of the categories requested relates to the financial condition of Defendants, the current financial obligations of Defendants related to Plaintiffs' loans and other potentially existing loans, and the status of the ICA Payments made by Plaintiff to Defendants.

(1) the assets and liabilities of Defendants, including (i) complete balance sheets and financial statements for 2022, (ii) complete balance sheets and financial statements for 2023, (iii) documents identifying each current asset (and value) and liability of McMann and Genie, and (iv) all bank and investment, or other financial account records from January 1, 2023 to present;

(2) documents sufficient to show the receipt, use and tracing of Plaintiffs' ICA Payments from Genie's bank account at Chase Bank, Account xxxxx8502, including documents identifying the recipient of the funds;

(3) all documents related to loans and contracts between McMann and Genie between January 1, 2023 to present, including documents related to any payments to/from McMann and Genie;

(4) all correspondence between McMann and Genie related to the white labeling of the loans to Plaintiffs; and

(5) documents sufficient to show the amount of all loans funded by McMann and Genie and the date and amount of funding payments from January 1, 2023 to present.

Plaintiffs request Defendants be ordered to respond to Plaintiffs' expedited Requests for Production of Documents, and produce all responsive documents, within seven (7) days of service of Plaintiffs' Requests for Production due to, in Plaintiffs' view, the limited and targeted scope of the Requests. Plaintiffs believe the deadline for

production and depositions should not be tied to any other deadlines in this case.

B. Defendants' Position Regarding Expedited Document Production

Defendants object to Nos. (1)(i) (as to 2022), as well as (3), (4), and (5)) being included within the scope of expedited discovery, as each seeks documents, in Defendants' view, well beyond the current financial condition of the Defendants, which the Court identified as the subjects on which the Court would allow expedited discovery.

Defendant Genie Investments further objects to item (2) because it seeks information that is not designed to illuminate Genie's current financial condition, which Genie understands to be the central purpose of this Joint Status Report.

Defendants request until March 14, 2024, to respond to Plaintiff's Requests for Production and to produce responsive documents as to Nos. (1)(ii-iv) and (2). Besides allowing Defendants necessary time to gather and review responsive materials, this proposed deadline would come after the parties' respective deadlines for briefing on outstanding motions, as set forth below. Defendants will require additional time if this Court allows expedited discovery on Nos. (1)(i), (2), (3), (4), and (5) due to the nature of the relationship between McMann and Genie, the various individuals involved in those communications, and the various methods by which McMann and Genie have communicated, and the voluminous nature and sources of documents likely to be responsive to requests on those subjects.

C. Depositions:

Plaintiffs request to take a Federal Rules of Civil Procedure Rule 30(b)(6) deposition of both Defendants McMann and Genie and the individual depositions of Walter Trock of McMann and David Hughes of Genie within three weeks of Defendants' production of documents.

Plaintiffs shall identify the topics for Rule 30(b)(6) depositions five (5) days before the depositions are scheduled to take place.

Plaintiffs' depositions of McMann, Genie, Trock and Hughes related to a potential motion for preliminary injunction shall be without prejudice to Plaintiffs' ability to recall these witnesses for later deposition in this case, with the understanding that, absent leave of Court or agreement

3

of the parties, time utilized in pursuing expedited discovery will count against the seven (7) hour time limit for each deposition. For purposes of clarity, the parties agree that without leave of Court if Plaintiff utilizes three (3) hours on a 30(b)(6) deposition, it will be able to recall the corporate defendant for a later 30(b)(6) deposition, but the second deposition will then be limited to four (4) hours.

II. **Motion Briefing Schedule**

    A.    Defendants' Motions to Dismiss:

        Defendants shall file any Reply briefs to Plaintiffs' Oppositions to Defendants' Motions to Dismiss by March 4, 2024

    B.    Genie's Motion to Compel Arbitration:

        Plaintiffs shall file any Opposition briefs to Genie's Motion to Compel Arbitration by March 4, 2024.

        Genie shall file any Reply brief to Plaintiffs' Opposition by March 11, 2024.

III. **Consent to Jurisdiction of Magistrate Judge**

    A.    At the present time, the parties do not jointly consent to the jurisdiction of the Magistrate Judge for substantive matters.

Respectfully Submitted,

| NORTH HAVEN LODGING PARTNERS LLC and WALLINGFORD LODGING PARTNERS LLC | MCMANN COMMERCIAL LENDING LLC n/k/a MCMANN PROFESSIONAL SERVICES LLC and/or MCMANN CAPITAL |
|---|---|
| By: /s/ *William J. McKenna* <br> One of Its Attorneys <br> William J. McKenna (IL Bar No. 3124753) <br> Andrew T. McClain (IL Bar No. 6313453) <br> Foley & Lardner LLP <br> 321 North Clark Street, Suite 3000 <br> Chicago, Illinois 60654 <br> Telephone: 312.832.4500 <br> Fax: 312.832.4700 | By: /s/ Daniel Klapman <br> One of Its Attorneys <br> Daniel S. Klapman <br> Robert S. Strauss <br> SWK Attorneys LLC <br> 500 Skokie Blvd., Ste. 600 <br> Northbrook, Illinois 60062 <br> Telephone: (224) 260-3090 <br> dklapman@swkattorneys.com |

wmckenna@foley.com
amcclain@foley.com

GENIE INVESTMENTS NV

By: /s/ Adam Walker
One of Its Attorneys
Adam Walker
Walker Law Office
4050 Pennsylvania Ave., Ste. 115-10
Kansas City, Missouri 64111
Telephone: (816) 226-6476
adam@awsecuritieslaw.com