IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NORTH HAVEN LODGING PARTNERS LLC, a South Dakota limited liability company, and WALLINGFORD LODGING PARTNERS LLC, a South Dakota limited liability company,<br><br>            Plaintiffs,<br><br>  vs.<br><br>MCMANN COMMERCIAL LENDING LLC n/k/a MCMANN PROFESSIONAL SERVICES LLC and/or MCMANN CAPITAL, an Illinois limited liability company, and GENIE INVESTMENTS NV, a Nevada corporation,<br><br>            Defendants.<br><hr>GENIE INVESTMENTS NV, a Nevada corporation,<br><br>            Cross-Plaintiff,<br><br>  vs.<br><br>NORTH HAVEN LODGING PARTNERS LLC, a South Dakota limited liability company, and WALLINGFORD LODGING PARTNERS LLC, a South Dakota limited liability company,<br><br>            Cross-Defendants. | **FILED**<br><br>FEB 23 2024 MCK<br><br>THOMAS G. BRUTON<br>CLERK, U.S. DISTRICT COURT<br><br><br><br>Case No. 1:23-cv-16264 |

## CROSS- COMPLAINT

GENIE INVESTMENTS NV, a Nevada corporation, ("Genie"), for its cross-complaint against NORTH HAVEN LODGING PARTNERS LLC, a South Dakota limited liability company, ("North Haven") and WALLINGFORD LODGING PARTNERS LLC, a South Dakota limited liability company, ("Wallingford") states as follows:

### NATURE OF ACTION

1. Genie brings this action to recover $10,000,000.00 in damages it has suffered as a result of the tortious actions taken by North Haven and Wallingford after they intentionally and maliciously interfered with existing business contracts, they knew existed.

### THE PARTIES

2. North Haven is a South Dakota limited liability company with its principal place of business located at 2517 West Brentridge Circle, Sioux Falls, South Dakota. The members of North Haven are PB Corporation TN, a Georgia corporation with its principal place of business in Athens, Georgia, Hari Har Management, Inc. a South Dakota corporation with its principal place of business in Sioux Falls, South Dakota, and two individuals, who are residents of and domiciled in Connecticut.

3. Wallingford is a South Dakota limited liability company with its principal place of business located at 2517 West Brentridge Circle, Sioux Falls, South Dakota. The sole member of Wallingford is an individual who is a resident of and domiciled in South Dakota.

### JURISDICTION AND VENUE

4. This Court has diversity subject matter jurisdiction over this lawsuit under 28 U.S.C. §§ 1332(a)(1) as this action is between citizens of different states and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

5. North Haven and Wallingford are South Dakota limited liability companies whose members are citizens of Georgia, South Dakota, and/or Connecticut.

## FACTS

6. North Haven and Wallingford had knowledge that Genie was in the middle of negotiating settlement agreements with the capital provider at issue in this matter in order to refund as much as it could to other companies.

7. To that end, Genie gave North Haven and Wallingford notice of the existing negotiations taking place in order to refund them and all other customers as much as possible as a matter of professional courtesy, and not a legal or contractual obligation as there is no legal or contractual obligation for Genie to refund any of the funds to North Haven and Wallingford.

8. Nevertheless, North Haven and Wallingford engaged in a campaign of malicious actions not warranted by law in order to punish Genie for acts outside of Genie's control.

9. The actions taken by North Haven and Wallingford were designed and intended to harm Genie maliciously, they did harm Genie, and they continue to harm Genie, resulting in substantial damage, and the breach of multiple contracts.

## COUNT 1
## TORTIOUS INTERFERENCE
### (Against North Haven and Wallingford Lodging)

10. Genie re-alleges and incorporates herein by this reference the allegations in each and every paragraph above, as though fully set forth herein.

11. Genie entered into conditional settlement agreements with third parties, which were valid and enforceable contracts. North Haven and Wallingford knew of such contracts. North Haven and Wallingford intentionally and unjustifiably induced the third party to breach the contract. See HPI Health Care Servs., Inc. v. Mt. Vernon Hosp., Inc., 131 Ill. 2d 145, 154-55 (1989); Koehler

v. Packer Grp., Inc., 2016 IL App (1st) 142767, ¶ 42; Bank Fin., FSB v. Brandwein, 2015 IL App (1st) 143956, ¶ 43.)

12. Therefore, Genie prays for compensatory damages for the loss of benefits of the contracts *see* D 56, Inc. v. Berry's Inc., 955 F. Supp. 908, 917-18 (N.D. Ill. 1997) (applying Illinois law); Koehler, 2016 IL App (1st) 142767, ¶ 64; Reuben H. Donnelley Corp. v. Brauer, 275 Ill. App. 3d 300, 313 (1995)); lost of customers see Advantage Mktg. Grp., Inc. v. Keane, 2019 IL App (1st) 181126, ¶ 48; *see* also Downers Grove Volkswagen, Inc. v. Wigglesworth Imports, Inc., 190 Ill. App. 3d 524, 530 (1989)); out-of-pocket damages see Dowd & Dowd, Ltd. v. Gleason, 352 Ill. App. 3d 365, 384 (2004) (Dowd II)); lost profits see Dowd II, 352 Ill. App. 3d at 384); loss of potential income from property *see* City of Rock Falls v. Chicago Title & Tr. Co., 13 Ill. App. 3d 359, 363 (1973)); actual harm to reputation *see* Koehler, 2016 IL App (1st) 142767, ¶ 64; Reuben H. Donnelley Corp., 275 Ill. App. 3d at 313); emotional damages *see* Stafford v. Puro, 63 F.3d 1436, 1443-45 (7th Cir. 1995) (applying Illinois law) (emotional damages proper in tortious interference with contract claim where defendant's interference with the contract caused the plaintiff mental and physical suffering); and punitive damages see Koehler, 2016 IL App (1st) 142767, ¶¶ 89-93; (permitting punitive damages for misconduct going above and beyond that required to establish the underlying tort).

13. Genie requests this Court enter a judgment against North Haven and Wallingford and for Genie in the amount of $10,000,000.00 million dollars jointly and severally.

**COUNT 2**
**Intentional Interference With Contract Relations**
**(Against North Haven and Wallingford Lodging)**

14. Genie re-alleges and incorporates herein by this reference the allegations in each and every paragraph above, as though fully set forth herein.

15. Therefore, Genie prays for compensatory damages for the loss of benefits of the contracts *see* D 56, Inc. v. Berry's Inc., 955 F. Supp. 908, 917-18 (N.D. Ill. 1997) (applying Illinois law); Koehler, 2016 IL App (1st) 142767, ¶ 64; Reuben H. Donnelley Corp. v. Brauer, 275 Ill. App. 3d 300, 313 (1995)); lost of customers see Advantage Mktg. Grp., Inc. v. Keane, 2019 IL App (1st) 181126, ¶ 48; *see* also Downers Grove Volkswagen, Inc. v. Wigglesworth Imports, Inc., 190 Ill. App. 3d 524, 530 (1989)); out-of-pocket damages see Dowd & Dowd, Ltd. v. Gleason, 352 Ill. App. 3d 365, 384 (2004) (Dowd II)); lost profits see Dowd II, 352 Ill. App. 3d at 384); loss of potential income from property *see* City of Rock Falls v. Chicago Title & Tr. Co., 13 Ill. App. 3d 359, 363 (1973)); actual harm to reputation *see* Koehler, 2016 IL App (1st) 142767, ¶ 64; Reuben H. Donnelley Corp., 275 Ill. App. 3d at 313); emotional damages *see* Stafford v. Puro, 63 F.3d 1436, 1443-45 (7th Cir. 1995) (applying Illinois law) (emotional damages proper in tortious interference with contract claim where defendant's interference with the contract caused the plaintiff mental and physical suffering); and punitive damages see Koehler, 2016 IL App (1st) 142767, ¶¶ 89-93; (permitting punitive damages for misconduct going above and beyond that required to establish the underlying tort).

16. Genie requests this Court enter a judgment against North Haven and Wallingford in the amount of $10,000,000.00 million dollars jointly and severally.

## COUNT 3
**Tortious Interference With Prospective Economic Advantage**
**(Against North Haven and Wallingford Lodging)**

17. Genie re-alleges and incorporates herein by this reference the allegations in each and every paragraph above, as though fully set forth herein.

18. Genie had a reasonable expectation of entering into a valid business relationship.

19. North Haven and Wallingford had knowledge of Genie's expectancy.

20. North Haven and Wallingford purposefully and maliciously interference prevented Genie's

legitimate expectancy from ripening into a valid business relationship.

21. Genie has suffered damages exceeding $10.0 million dollars.

22. Therefore, North Haven and Wallingford are liable to Genie for over $10.0 million dollars. *See* Fellhauer v. City of Geneva (1991), 142 Ill.2d 495, 511, 568 N.E.2d 870, 878.

23. Therefore, Genie prays for compensatory damages for the loss of benefits of the contracts *see* D 56, Inc. v. Berry's Inc., 955 F. Supp. 908, 917-18 (N.D. Ill. 1997) (applying Illinois law); Koehler, 2016 IL App (1st) 142767, ¶ 64; Reuben H. Donnelley Corp. v. Brauer, 275 Ill. App. 3d 300, 313 (1995)); lost of customers see Advantage Mktg. Grp., Inc. v. Keane, 2019 IL App (1st) 181126, ¶ 48; *see* also Downers Grove Volkswagen, Inc. v. Wigglesworth Imports, Inc., 190 Ill. App. 3d 524, 530 (1989)); out-of-pocket damages see Dowd & Dowd, Ltd. v. Gleason, 352 Ill. App. 3d 365, 384 (2004) (Dowd II)); lost profits see Dowd II, 352 Ill. App. 3d at 384); loss of potential income from property *see* City of Rock Falls v. Chicago Title & Tr. Co., 13 Ill. App. 3d 359, 363 (1973)); actual harm to reputation *see* Koehler, 2016 IL App (1st) 142767, ¶ 64; Reuben H. Donnelley Corp., 275 Ill. App. 3d at 313); emotional damages *see* Stafford v. Puro, 63 F.3d 1436, 1443-45 (7th Cir. 1995) (applying Illinois law) (emotional damages proper in tortious interference with contract claim where defendant's interference with the contract caused the plaintiff mental and physical suffering); and punitive damages see Koehler, 2016 IL App (1st) 142767, ¶¶ 89-93; (permitting punitive damages for misconduct going above and beyond that required to establish the underlying tort).

24. Additionally, Genie prays and hereby preserves its right to request a temporary restraining order (see Empire Indus., Inc. v. Winslyn Indus., LLC, 327 F. Supp. 3d 1101, 1116 (N.D. Ill. 2018) (applying Illinois law); a preliminary injunction (*see* Lifetec, Inc. v. Edwards, 377 Ill. App. 3d 260, 262 (2007)); and/or a permanent injunction (*see* Disher v. Fulgoni, 124 Ill. App. 3d 257, 260 (1984)).

25. Genie requests this Court enter a judgment against North Haven and Wallingford and for Genie in the amount of $10,000,000.00 million dollars jointly and severally.

## COUNT 4
### Tortious Interference With Contract Business Expectancy
### (Against North Haven and Wallingford Lodging)

26. Genie re-alleges and incorporates herein by this reference the allegations in each and every paragraph above, as though fully set forth herein.

27. Genie had a reasonable expectation of entering into a valid business relationship.

28. North Haven and Wallingford had knowledge of Genie's expectancy.

29. North Haven and Wallingford purposefully and maliciously interference prevented Genie's legitimate expectancy from ripening into a valid business relationship.

30. Genie has suffered damages exceeding $10.0 million dollars.

31. Therefore, North Haven and Wallingford are liable to Genie for over $7.6 million dollars. *See* Fellhauer v. City of Geneva (1991), 142 Ill.2d 495, 511, 568 N.E.2d 870, 878.

32. Therefore, Genie prays for compensatory damages for the loss of benefits of the contracts *see* D 56, Inc. v. Berry's Inc., 955 F. Supp. 908, 917-18 (N.D. Ill. 1997) (applying Illinois law); Koehler, 2016 IL App (1st) 142767, ¶ 64; Reuben H. Donnelley Corp. v. Brauer, 275 Ill. App. 3d 300, 313 (1995)); lost of customers see Advantage Mktg. Grp., Inc. v. Keane, 2019 IL App (1st) 181126, ¶ 48; *see* also Downers Grove Volkswagen, Inc. v. Wigglesworth Imports, Inc., 190 Ill. App. 3d 524, 530 (1989)); out-of-pocket damages see Dowd & Dowd, Ltd. v. Gleason, 352 Ill. App. 3d 365, 384 (2004) (Dowd II)); lost profits see Dowd II, 352 Ill. App. 3d at 384); loss of potential income from property *see* City of Rock Falls v. Chicago Title & Tr. Co., 13 Ill. App. 3d 359, 363 (1973)); actual harm to reputation *see* Koehler, 2016 IL App (1st) 142767, ¶ 64; Reuben H. Donnelley Corp., 275 Ill. App. 3d at 313); emotional damages *see* Stafford v. Puro, 63 F.3d 1436, 1443-45 (7th Cir. 1995) (applying Illinois law) (emotional damages

proper in tortious interference with contract claim where defendant's interference with the contract caused the plaintiff mental and physical suffering); and punitive damages see Koehler, 2016 IL App (1st) 142767, ¶¶ 89-93; (permitting punitive damages for misconduct going above and beyond that required to establish the underlying tort).

33. Additionally, Genie prays and hereby preserves its right to request a temporary restraining order (see Empire Indus., Inc. v. Winslyn Indus., LLC, 327 F. Supp. 3d 1101, 1116 (N.D. Ill. 2018) (applying Illinois law); a preliminary injunction (*see* Lifetec, Inc. v. Edwards, 377 Ill. App. 3d 260, 262 (2007)); and/or a permanent injunction (*see* Disher v. Fulgoni, 124 Ill. App. 3d 257, 260 (1984)).

34. Genie requests this Court enter a judgment against North Haven and Wallingford and for Genie in the amount of $10,000,000.00 million dollars jointly and severally.

DATED: February 20, 2024        Respectfully Submitted,

GENIE INVESTMENTS NV

By: /s/ David Hughes
Agent/In Pro Per

Genie Industments
PO Box 60443
Jacksonville, Florida 32236

Eastern Division
Everett McKinley Dirksen United States Courthouse
219 South Dearborn Street
Chicago, Illinois 60604