**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| NORTH HAVEN LODGING PARTNERS LLC, a South Dakota limited liability company, and WALLINGFORD LODGING PARTNERS LLC, a South Dakota limited liability company, <br><br> Plaintiffs, <br><br> vs. <br><br> MCMANN COMMERCIAL LENDING LLC n/k/a MCMANN PROFESSIONAL SERVICES LLC and/or MCMANN CAPITAL, an Illinois limited liability company, and GENIE INVESTMENTS NV, a Nevada corporation, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )  Case No. 1:23-cv-16264 |

## JOINT STATUS REPORT

Plaintiffs North Haven Lodging Partners LLC and Wallingford Lodging Partners LLC and Defendants McMann Commercial Lending LLC have conferred as required by the Court's February 28, 2024 Minute Order, and jointly submit the following Status Report.

**I.**    **Parties' Position Regarding Scope of Stay Following Genie Investments NV Filing Chapter 11 Bankruptcy:**

    A.    Plaintiffs' Position:

McMann is not entitled to a stay of Plaintiffs' claim against McMann because of Genie's filing Chapter 11 Bankruptcy. As a general rule, the automatic stay applies only to the Debtor and not to third parties, even

if the third parties are codefendants with the debtor in a lawsuit. *Pitts v Unarco Industries, Inc*, 698 F2d 313, 314 (1983); *Sav-A Trip v Belfort*, 164 F3d 1137, 1139 (8th Cir 1999). It would be an extraordinary outcome for McMann to also benefit from an automatic bankruptcy stay as to Genie without (1) itself filing for bankruptcy or (2) being an insider of Genie. While the Plaintiffs brought claims against both McMann and Genie, McMann's defenses to those claims do not require or involve the Plaintiffs' continuation of their claims against Genie and McMann's liability to Plaintiffs can be determined regardless of Genie's involvement in this case. While related, the claims are independent, and McMann should not be able to hide behind the shield of Genie's bankruptcy to thwart Plaintiffs' claims, especially when Genie's initial actions in its bankruptcy case include pushing back on Plaintiffs' status as a creditor of Genie. If McMann believes that Genie, or McMann's pursuit of Genie on a cross-claim, is necessary for this litigation to continue, it must seek relief from stay in Genie's bankruptcy case to bring any cross-claims, but Plaintiffs should not be prejudiced or further delayed in seeking resolution of their legal and equitable claims against McMann.

B.      McMann Commercial Lending LLC's Position:

McMann disagrees with Plaintiffs as their claims against McMann and Genie are inextricably intertwined such that the stay should apply to all matters before this Court. McMann's and Genie's interests relating to Plaintiffs' claims are closely related to each other, as well as related to Genie's bankruptcy proceedings. Moreover, a suit against a non-debtor that is entitled to indemnity/reimbursement by the debtor constitutes a relationship between the debtor and non-debtor where courts find an identity of interest, calling for extension of the stay. Such an identity of interest exists here.

The relief sought by Plaintiffs from both McMann and Genie is identical, the funds Plaintiffs seek to obtain from both Defendants admittedly were *wired directly to Genie*, and have *never been in the possession or control of McMann*. The sought after ICA Payments are the property of, or at a minimum, in the possession and control of, the debtor, Genie. Based on the relationship of the parties, Genie will ultimately be liable to McMann in the event any damages are awarded to Plaintiffs against McMann. Plaintiffs are also seeking joint and several liability against both McMann and Genie, meaning any judgment against McMann will in effect be a judgment against the debtor, Genie. Accordingly, the pending litigation against McMann will cause Genie, the bankruptcy estate, or the reorganization plan, irreparable harm. In such

circumstances, extension of the stay to non-debtor McMann is appropriate. *Matter of Fernstrom Storage & Van Co.*, 938 F.2d 731, 736 (7th Cir. 1991) (extending stay against non-debtor co-defendant appropriate where "a judgment against a third-party defendant will in effect be a judgment against the debtor" and where litigation will cause irreparable harm to the debtor, bankruptcy estate, or the reorganization plan) (quoting A.H. Robins Co., 788 F.2d at 999); *Edelson PC v. Girardi*, Case No. 20 C 7115, 2021 WL 3033616 at *14 (N.D. Ill. July 19, 2021) (where there is such a similarity or identity of interests that failing to protect the non-debtor will put the assets of the debtor at risk, or a judgment against the non-debtor will, in practice, be a judgment against the debtor, the automatic stay can protect the non-debtor). *See also A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986) (stay of proceedings against debtor's codefendants appropriate where "there is such an identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third party defendant will in effect be a judgment or finding against the debtor.").

There is also a substantial risk that the Court's findings in this matter, without Genie's participation, could result in determinations, or ultimately judgments, contradicting findings made in the Bankruptcy court; many of the issues this Court will need to address are duplicative to those that will be addressed in the bankruptcy. Allowing Plaintiffs to continue pursuit of its claims solely against McMann creates a significant risk of collateral estoppel and record taint that would require Genie to participate in the litigation in order to protect its interests. A judgment against McMann would surely impact Genie's ability to defend the claims raised by Plaintiffs in the Complaint against Genie, particularly where Plaintiffs (and McMann) will assert claims in the bankruptcy as creditors of Genie. Extending the stay to McMann is clearly in the best interest of the debtor, Genie, rendering extension of the stay appropriate in this case. *Id.* Where adjudication of a claim against a non-debtor would have an adverse economic impact on the debtor, the stay should extend to the non-debtor. *See Queenie, Ltd. v. Nygard Int'l*, 321 F.3d 282, 287 (2d Cir. 2003).

There is no question that the Plaintiffs' claims against McMann directly involve Genie, not only due to Genie's possession and control of the funds at issue and ultimate liability to McMann in the event an award is made against McMann, but also, *inter alia*, due to Genie's assumption of McMann's obligations to Plaintiffs under their respective BELOC's. Genie has stated in no uncertain terms in communications directly to Plaintiffs that *Genie*, and *not McMann*, is responsible for handling,

processing, and refunding the ICA Payments at issue to the Plaintiffs. [Dkt. No. 13-2, messages between Plaintiff (Preet Patel) and Genie (David Hughes).] Accordingly, *Genie's interests are clearly at issue in the claims asserted against McMann*. Additionally, Genie has invoked both the arbitration (via motion) and the *force majeure* provisions of the BELOCs between McMann and Plaintiffs, further supporting Genie's assumption of McMann's obligations under the BELOCs. [*See* Dkt. No. 1-6, p. 44-45, and 46-51; Dkt. No. 1-7, p. 1-5.] As a result, McMann is entitled to complete indemnification and reimbursement from Genie for any award against it in this case. McMann does not see how this matter can possibly proceed against McMann without Genie's involvement in the litigation. Consequently, proceeding in this matter without Genie would result in significant prejudice to McMann and create not only a substantial risk of contradictory rulings as to Genie's obligations to Plaintiffs, but would almost certainly lead to duplicative issues being addressed both in this Court and the bankruptcy court, including discovery. Again, where adjudication of a claim against a non-debtor would have an adverse impact on the debtor, the stay should extend to the non-debtor. *See Queenie, Ltd. v. Nygard Int'l* and *A.H. Robbins Co.*, *supra.*

Lastly, in the event this matter proceeds in the Northern District against McMann, McMann will be joining Genie's (or filing its own) motion to dismiss and compel arbitration. McMann has not yet invoked the arbitration clause for the purpose of avoiding proceedings in two separate forums with two separate venues with vastly different scopes of discovery – the exact circumstance that will result if this matter is not stayed in its entirety.

Given the above, and the inextricably intertwined nature of the claims asserted against Genie and McMann, including as to McMann's defense of said claims and Genie's assumption of McMann's obligations under the BELOCs, the stay should apply to the entire matter before this Court.

Respectfully Submitted,


NORTH HAVEN LODGING PARTNERS LLC and WALLINGFORD LODGING PARTNERS LLC

MCMANN COMMERCIAL LENDING LLC n/k/a MCMANN PROFESSIONAL SERVICES LLC and/or MCMANN CAPITAL


By:    /s/ *William J. McKenna*
One of Its Attorneys

By:    /s/ Daniel Klapman
One of Its Attorneys

4

William J. McKenna (IL Bar No. 3124753)
Andrew T. McClain (IL Bar No. 6313453)
Foley & Lardner LLP
321 North Clark Street, Suite 3000
Chicago, Illinois 60654
Telephone:  312.832.4500
Fax:  312.832.4700
wmckenna@foley.com
amcclain@foley.com

Daniel S. Klapman (IL Bar No.
Robert S. Strauss
SWK Attorneys LLC
500 Skokie Blvd., Ste. 600
Northbrook, Illinois 60062
Telephone: (224) 260-3090
dklapman@swkattorneys.com